**POLINO and PINTO, P.C.**
A Professional Corporation
Moorestown Times Square
720 East Main Street, Suite 1C
Moorestown, NJ 08057
(856) 727-1777
By:   Joseph M. Pinto, Esquire
       Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JUNE GERMINARIO, on behalf of herself and all other class members similarly situated | : | |
| | : | |
| Plaintiff | : | |
| ` v. | : | Civil Action No. 1:19-cv-15164 NLH/JS |
| RAM Payment, L.L.C. f/k/a or d/b/a Reliant Account Management, L.L.C. f/k/a Reliant Account Management Systems, L.L.C. a/k/a Account Management Systems, L.L.C.; Active Debt Solutions, L.L.C. f/k/a Active Debt Solutions, Inc. d/b/a Guardian Legal Center; Paralegal Support Group, L.L.C. f/k/a Paralegal Staff Support, L.L.C.; John Doe(s) 1-100, said name of John Doe(s) being fictitious | : : : : | |
| Defendants | : | |

**Plaintiff's Brief in Support of
Notice of Motion for Remand to State Court**

**Table of Contents**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      Defendant RAM Did Not File Its Removal Notice with the 30 Day Period Required
       by 28 U.S.C. 1446 and the Case Should Be Remanded . . . . . . . . . . . . . . . . . . . . . . . . . 1

            Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# Table of Authorities

**Cases**

Ariel Land Owners, Inc. v. Dung, 351 F.3d 611, 619 (3rd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 2

Badan v. Nabisco, 224 F.3d 382, 389 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Bayer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . 1

Erie Ins. Exch. v. Erie Indemnity, 722 F.3d 154, 158 n.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JJJ Con. v. U.S. Fidelity, 554 F.Supp.2d 100, 101 (D. P.R. 2006) . . . . . . . . . . . . . . . . . . . . . . . 2

Johnson v. Heublein, 227 F.3d 236, 241 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

Mountain Ridge v. Investors Funding, 763 F.Supp. 1282, 1287 (D. N.J. 1991) . . . . . . . . . . . . . 2

Murphy Bros. v. Michetti Pipe, 526 U.S. 344 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15, 17

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868 (1941) . . . . . . . . . . . . . 2

Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 593 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Vodenichar v. Halcon Energy, 733 F.3d 497, 503, n.1 (3rd Cir. 2013) . . . . . . . . . . . . . . . . . . . . 1

Weinstein v. Paul Revere, 15 F.Supp.2d 552,560 (D. N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 2

**United States Code**

28 U.S.C. §1446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

28 U.S.C. §1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

## Legal Argument

**I.     Defendant RAM Payment, L.L.C. Did Not File Its Removal Notice within the 30 Day     Period Required by 28 U.S.C. 1446 after Being Served with the Summons and Complaint on April 1, 2019 and the Case Should Be Remanded.**

### Standard of Review

The Notice of Removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has been filed with the court and is not required to be served on the defendant, whichever period is shorter.  28 U.S.C. 1446(b).

The thirty day removal period begins to run when defendant was formerly served by certified mail. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-354 (1999). If the summons and complaint are received together, the thirty day period begins at once. Id. at 354.

The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. Bayer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3rd Cir. 1999).

For jurisdictional purposes, the court's inquiry is limited to examining the case as of the time it was filed in state court. Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 593 (2013); Erie Ins. Exch. v. Erie Indemnity, 722 F.3d 154, 158 n.3.  Courts consider the jurisdictional inquiry by reference to the original complaint and do not consider amended complaints. Id. Vodenichar v. Halcon Energy, 733 F.3d 497, 503, n.1 (3rd Cir. 2013).

The extension provided by Rule 1446(b) only applies to civil actions in which the initial pleading states a case that is not removable. Johnson v. Heublein, 227 F.3d 236, 241 (5th Cir.

2000); Badan v. Nabisco, 224 F.3d 382, 389 (5th Cir. 2000) - Rule 1446(b), 2nd paragraph, addresses defendant's right to remove beyond the initial period of thirty days, if the case only became removable sometime after the initial commencement of the action.

While the time limits to file the Notice to Remove are procedural, not jurisdictional, if the case could have initially been removed, Ariel Land Owners, Inc. v. Dung, 351 F.3d 611, 619 (3rd Cir. 2003), the time limits still must be strictly construed and are mandatory, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868 (1941), and are not subject to extension by consent of the parties or order of the court. Weinstein v. Paul Revere, 15 F.Supp.2d 552,560 (D. N.J. 1998); Mountain Ridge v. Investors Funding, 763 F.Supp. 1282, 1287 (D. N.J. 1991); JJJ Con. v. U.S. Fidelity, 554 F.Supp.2d 100, 101 (D. P.R. 2006).

Plaintiff's complaint was filed on March 22, 2019 in the Superior Court of New Jersey, Law Division, Burlington County, Docket Number BUR-L-628-19 (Superior Court docket sheet; Declaration of Plaintiff's Counsel ["Pinto Dec."], ¶1) (Pa1-3). The track assignment notice was issued on March 23, 2019 (Pinto Dec. ¶1) ( Pa1). On March 26, 2019, plaintiff's attorney sent to defendant RAM at its principal place of business at 412 North Cedar Bluff Road, Suite 400, Nashville, Tennessee, by U.S. regular and certified mail, an envelope enclosing the summons, complaint, track assignment notice, lawyer referral service list and an acknowledgment of service and to its registered agent for service of process, Registered Agent Solutions, Inc. at 1220 S Street, Suite 150, Sacramento, California 95811 (Pinto Dec. ¶2) (Pa4-17).

On April 1, 2019, the defendant RAM received the certified mail at its above Tennessee address (Pinto Dec. ¶3) (Pa14-15). On April 2, 2019, defendant RAM received the certified mail at its California registered agent's office (Pinto Dec. ¶4) (Pa9-10).

When no response was received within the 35 day period to file an answer rather than request a default, on May 31, 2019, two summonses, complaints, Lawyer Referral Service lists, track assignment notices and the appropriate fees were sent to the Knox County Sheriff's Office, Attn: Civil Warrants, 400 Main Street, Knoxville, Tennessee 37902, and requested it personally serve RAM Payment, L.L.C. at its principal office at 412 North Cedar Bluff Road, Suite 400, Knoxville, Tennessee 37923, as well as at its registered agent for service of process, as listed in the Tennessee Secretary of State's Office - CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919 (Pinto Dec. ¶5) (Pa13-19).

The sheriff served RAM Payment, L.L.C. through its registered agent, CT Corporation Systems, at its above address on June 5, 2019 (Pinto Dec. ¶6) (Pa20-23).

On June 11, 2019, the Sheriff served RAM Payment, L.L.C. at its principal address and place of business in Knoxville, Tennessee (Pinto Dec. ¶7) (Pa47-49).

The Sheriff's return of service states the documents were served upon "Analisher Salazur, agent for Reliant Account Management (Pinto Dec. ¶8) (Pa48). This is the same person who signed the certified mail green receipt card which was mailed to the principal place of business in Tennessee and received on April 1, 2019 (Pinto Dec. ¶8) (Pa14-15).

Plaintiff's attorney filed a Proof of Service and Affidavit of Diligent Inquiry with the New Jersey Superior Court on June 20, 2019 (Pinto Dec. ¶9) (Pa4-41) and Amended Proof of Service on July 2, 2019 (Pinto Dec. ¶9) (Pa42-49).

On June 19, 2019, a letter was sent to the principal member of RAM, Westshore Capital Partners, advising RAM was served twice but it did not respond to the summons and complaint (Pinto Dec. ¶10) (Pa50-51).

On June 25, 2019, plaintiff's attorney received a telephone call from Stephen Chaya, Counsel and Vice President of RAM, who acknowledged receiving the summons and complaint and said he did not know what happened with the delay in responding to the initial papers served. He made an offer to settle and followed it up with an email on July 1, 2019 (Pinto Dec. ¶11) (Pa52).

Defendant RAM then filed a removal notice with the state court and this Court on July 11, 2019.

The certified mailing to Active Debt Solutions, L.L.C. was returned to my office marked "business closed" on March 30, 2019 and the certified mailing to defendant Paralegal Support Group, L.L.C. was returned to my office marked "return to sender, attempted not known" (Pinto Dec. ¶13).

For some reason, defendant RAM has ignored all of these facts, and inexplicably only informed the court of the last date of service when RAM was re-served because it did not respond to the original service within 35 days after the original date of service (Pinto Dec. ¶5).

The copy of the Knox County Tennessee Sheriff's Office affidavit of service was obtained by defendant RAM, based on the marking at the top of the page, from the proof of service filed by plaintiff with the Superior Court Clerk's Office which included all of this information concerning the multiple times the defendant was served (Pinto Dec. ¶¶3-11) (Pa 6-23, Pa42-49).

## Conclusion

Since the summons and complaint were first received by RAM on April 1, 2019, the

filing of the removal notice on July 11, 2019 was beyond the thirty day period required by 28 U.S.C. 1446 and the matter should be remanded to the state court.

POLINO and PINTO, P.C.

By: /s/ Joseph M. Pinto
Joseph M. Pinto, Esquire

Date:  July 19, 2019