**MORGAN MELHUISH ABRUTYN LLP**
ELLIOTT ABRUTYN, ESQ. (NJ Bar Id# 240261967)
651 Old Mt. Pleasant Avenue, Suite 200
Livingston, New Jersey 07039
(973) 994-2500
Attorneys for Defendants, RAM Payment, LLC, Reliant Account Management, LLC, Reliant Account Management Systems, LLC and Account Management Systems, LLC
Our File No.: GMF 39-600 U EA/SME

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNE GERMINARIO, On Behalf Of Herself And All Other Class Members Similarly Situated,<br>Plaintiffs,<br><br>vs.<br><br>RAM Payment L.L.C. f/k/a or d/b/a Reliant Account Management, L.L.C. f/k/a Reliant Account Management Systems, L.L.C. a/k/a Account Management Systems, L.L.C.; Active Debt Solutions, L.L.C. f/k/a Active Debt Solutions, Inc. d/b/a GUARDIAN LEGAL CENTER; PARALEGAL SUPPORT GROUP, L.L.C. F/K/A PARALEGAL STAFF SUPPORT, L.L.C.; JOHN DOE(S) 1-100, SAID NAME OF JOHN DOES(S) BEING FICTITIOUS,<br><br>Defendants. | Case No. 1:19-CV-15164 NLH/JS<br><br>(Removed from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. BUR-L-628-19)<br><br>**Civil Action**<br><br>**Motion Returnable August 19, 2019**<br><br>**Oral Argument Requested** |

---

### THE RAM DEFENDANTS' BRIEF IN OPPOSITION TO THE PLAINTIFF'S NOTICE OF MOTION TO REMAND TO STATE COURT

---

ELLIOTT ABRUTYN
On the Brief

**MORGAN MELHUISH ABRUTYN LLP**
651 West Mount Pleasant Ave., Ste. 200
Livingston, NJ 07039
T: 973-994-2500
Attorneys for Defendants,
RAM Payment, LLC, Reliant Account
Management, LLC, Reliant Account
Management Systems, LLC and Account
Management Systems, LLC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 1

LEGAL ARGUMENT .......... 3

THE TIME PERIOD FOR REMOVAL TO FEDERAL COURT DID NOT BEGIN TO RUN UNTIL PLAINTIFF OBTAINED PERSONAL JURISDICTION OVER RAM, WHICH DID NOT OCCUR UNTIL JUNE 11, 2019 .......... 3

A. According to New Jersey's Court Rules, in Personam Jurisdiction over RAM was not obtained until RAM was personally served with the Summons and Complaint on June 11, 2019 .......... 3

B. The Thirty Day time period for removal of a state court action to federal court does not begin until in personam jurisdiction has been obtained over a defendant .......... 7

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

Page(s)

## Cases

Bidlingmeyer v. Broadspire, 2012 U.S. District LEXIS 85425 (D.N.J., decided June 19, 2012) .................................................................................. 8

City of Passaic v. Shennett, 390 N.J. Super. 475, 483-484 (App. Div. 2007) ............................................................................................................. 6

Driscoll v. Burlington-Bristol Bridge, Co., 8 N.J. 433 (1952) ............................. 7

Grand Entm't Grp. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ............................................................................................................. 9

Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344 (1999) ..................... 7, 8

New Jersey Turnpike Authority v. Tootle, 59 N.J. 308 (1971) ............................. 7

U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94 (App. Div. 2016) ............... 7

Zakrewsky v. Zakrewsky, 2014 N.J. Super. Unpub. LEXIS 2776 (App. Div., decided Nov. 24, 2014) *7-8 ............................................................ 7

## Other Authorities

Rule 4:4 ................................................................................................................ 3, 6

Rule 4:4-3 ................................................................................................................ 4

Rule 4:4-5(b) .................................................................................................. 4, 5, 6

## I.  PRELIMINARY STATEMENT

Plaintiff's Motion to Remand this matter back to New Jersey State court must be denied. Plaintiff argues the case must be remanded because she served Defendants RAM Payment, LLC, Reliant Account Management, LLC, Reliant Account Management Systems, LLC and Account Management Systems, LLC (hereinafter "RAM") and its registered agent by certified mail more than thirty days before the Notice for Removal was filed.Plaintiff's position is meritless because RAM was never served according to New Jersey's rules for obtaining jurisdiction over out-of-state defendants. New Jersey State Court Rules require a plaintiff to try and personally serve an out-of-state defendant before resorting to service by mail. Plaintiff put the cart before the horse and attempted service by certified mail before filing an affidavit of diligent inquiry setting forth that Plaintiff tried to personally serve RAM. The fact that RAM received such certified mail is meaningless because in order to start the running of the time for removal purposes, the court must have personal jurisdiction over the defendants by formal service.

## II.  STATEMENT OF FACTS

The Statement of Facts in Plaintiff's declaration in support of the Motion to Remand are accepted as true solely for the purpose of the issue before the court with exception of the alleged fact that personal service was made on RAM on June 5th. Plaintiff failed to obtain personal jurisdiction over the RAM until they were

served on June 11, 2019 by the Knox County Sheriff's Office. Plaintiff's attempted service on March 26, 2019, which was sent to RAM and its registered agent by certified mail, is a nullity and void because the attempted service by mail did not comply with the proper New Jersey procedure for serving an out-of-state party with a summons and a complaint. The sheriff's affidavit shows that RAM Payment, LLC was served on June 11, 2019. Paragraph 6 of Plaintiff's Statement of Facts which alleges the sheriff served RAM Payment, LLC through its registered agent CT Corporation at its above address on June 5, 2019 is incorrect. Please note that in Plaintiff's appendix PA000021 and PA000023, the June 5, 2019 date is in a return of service by the sheriff which states "Refused To Sign." Please also note that in the Statement of Facts, Exhibit B to Plaintiff's certification is the return of service for service on RAM Payment, LLC on June 11, 2019 (PA000047). The return of service was sworn to and subscribed by the sheriff on June 12, 2019.

Indeed, an affidavit of diligent inquiry was filed with New Jersey Superior Court on June 20, 2019 (PA00004-44), and an amended proof of service was filed on July 2, 2019 (PA000042-49) which clearly shows there was no personal service on the defendants before June 11, 2019.

## LEGAL ARGUMENT

## THE TIME PERIOD FOR REMOVAL TO FEDERAL COURT DID NOT BEGIN TO RUN UNTIL PLAINTIFF OBTAINED PERSONAL JURISDICTION OVER RAM, WHICH DID NOT OCCUR UNTIL JUNE 11, 2019.

The court did not obtain a personal jurisdiction over RAM because they were not served in accordance with New Jersey Court Rules. Only until a defendant is served properly in order to obtain in personam jurisdiction over that party does the thirty (30 day time period for removal to federal court begin. As discussed below, in accordance with New Jersey's Court Rules, New Jersey did not obtain in personam jurisdiction over RAM until June 11, 2019 when it was personally served with the Summons and Complaint. Since the Notice of Removal was filed within thirty (30) days of RAM being personally served with the Summons and Complaint and within thirty days of New Jersey obtaining in personam jurisdiction over RAM, Plaintiff's Motion for Remand back to New Jersey State Court must be denied.

### A. According to New Jersey's Court Rules, In Personam Jurisdiction over RAM was not obtained until RAM was personally served with the Summons and Complaint on June 11, 2019.

New Jersey Court Rule 4:4 entitled, "Summons; Personal Service; In Personam Jurisdiction" provides the methods for obtaining personal jurisdiction in several ways for in-state defendants. Paragraph (a) provides that in personam jurisdiction may be obtained over any defendant within the state:

(a) Primary Method of Obtaining In Personam Jurisdiction. The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R.4:4-3, as follows:

(1) Upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf;

***

(b) Obtaining In Personam Jurisdiction by Substituted or Constructive Service.

(1) By Mail or Personal Service Outside the State. If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows:

(A) personal service in a state of the United States or the District of Columbia, in the same manner as if service were made within this State or by a public official having authority to serve civil process in the jurisdiction in which the service is made or by a person qualified to practice law in this State or in the jurisdiction in which service is made; or

(B) personal service outside the territorial jurisdiction of the United States, in accordance with any governing international treaty or convention to the extent required thereby, and if none, in the same manner as if service were made within the United States, except

        that service shall be made by a person specially appointed by the court for that purpose; or

(C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2)and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office. Mail may be addressed to a post office box in lieu of a street address only as provided by R. 1:5-2.

New Jersey Court Rule 4:4-5(b) addresses the content of the affidavit of due diligence to obtain in personam jurisdiction. It provides the following:

(b) Contents of Affidavit of Inquiry. The inquiry required by this rule shall be made by the plaintiff, plaintiff's attorney actually entrusted with the conduct of the action, or by the agent of the attorney; it shall be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice

Comment to New Jersey Court Rule 4:4 states the following:

> 3. **Constructive and Substituted Service.** Paragraph (b)(1) is the long-arm provision, prescribing the modes of service by which personal jurisdiction may be obtained over a person not present in New Jersey, that is, by personal service outside this State but in the United States, personal service out of the United States, and mailed service. Paragraph (b)(2) permits service as provided by law. Paragraph (b)(3) permits service as provided by court order. The underlying predicate for all service pursuant to paragraph (b) is the consistency of the exercise of jurisdiction by that mode of service with the requirements of procedural due process. <u>Obviously, constructive or substituted service may not be resorted to and will be ineffective if the defendant is required to be personally served and is amenable to person service.</u> See e.g., City of Passaic v. Shennett, 390 N.J. Super. 475, 483-484 (App. Div. 2007).
>
> 3.1 **Paragraph (b)(1); mechanics of constructive service.** Paragraph (b)(1), following customary practice, requires, before resort to its various service modes, the filing of an affidavit of diligent inquiry satisfying the requirement of R. 4:4-5(b), i.e., showing that despite diligent effort, service cannot be made in accordance with paragraph (a). In that event and consistent with due process, plaintiff has the option of making personal service outside this state pursuant to (b)(1)(A); . . . .[1]

PRESSLER & VERNIERO, Current N.J. COURT RULES, Comment R. 4.4, pages 1374-1375 (GANN) [emphasis added]

---

[1] Ironically, plaintiff was able to personally serve the RAM defendant on June 11th. (See PA000042-49).

Accordingly, under New Jersey's Court Rules, Plaintiff was required to try and personally serve RAM before resorting to the optional mail service. If Plaintiff was unsuccessful in trying to personally serve RAM, then after satisfying the affidavit of inquiry, Plaintiff could resort to an optional mail service. Here, Plaintiff's first and only attempt at personal service occurred on June 11, 2019. (PA000042-49). Plaintiff's attempts at mail service prior to June 11, 2019, before trying to personally serve RAM on June 11, was improper and insufficient to obtain in persona jurisdiction over RAM under New Jersey law.[2]

### B. The Thirty Day time period for removal of a state court action to federal court does not begin until in personam jurisdiction has been obtained over a defendant.

The time period to file the petition for removal began on June 11, 2019 when personal service was made on RAM. The fact that our client received certified copies of the summons and/or complaint is of no moment, nor is the fact that a conversation was held between our client and plaintiff's attorney regarding resolution after June 11, 2019. The United States Supreme Court, in an opinion written by Justice Ginsberg in Murphy Bros. v. Michetti Pipe Stringing, 526 U.S.

---

[2] New Jersey Courts have regularly held that one must have proper service of a summons and complaint on a defendant in order to obtain jurisdiction over a defendant. See Zakrewsky v. Zakrewsky, 2014 N.J. Super. Unpub. LEXIS 2776 (App. Div., decided Nov. 24, 2014) *7-8; Driscoll v. Burlington-Bristol Bridge, Co., 8 N.J. 433, 492-493 (1952); New Jersey Turnpike Authority v. Tootle, 59 N.J. 308, 313 (1971); U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 108-109 (App. Div. 2016).

{01690426}                                    7

344 (1999), held that formal service of a summons and complaint starts the running of the time period for removal even where a defendant previously received a courtesy copy of a complaint. The Court held "We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Id. at 348-349.

In Bidlingmeyer v. Broadspire, 2012 U.S. District LEXIS 85425 (D.N.J., decided June 19, 2012), the Honorable Judge Renee Marie Bumb interpreted the Murphy Brothers case to mean that the plaintiff must obtain "formal service" before the thirty day time for removal is triggered. Judge Bumb found that plaintiff's service by mail was ineffective because (1) plaintiff cannot avail herself of substituted service because no affidavit was filed in support of such service; and (2) service was not made by ordinary mail in addition to certified mail return receipt requested; and (3) service was not made to "Broadspire's registered agent for service, principal place of business, or registered office." Id. at *6. Judge Bumb also found that the Optional Mail Service was not sufficient to start the thirty day clock for removal because the Optional Mail Service did not establish personal jurisdiction over the defendant. As Judge Bumb noted:

> The Supreme Court's decision in Murphy dictates that the removal clock does not begin to run until the plaintiff has obtained personal jurisdiction over the defendant.

> Exercise of personal jurisdiction over defendant requires that the plaintiff properly serve the defendant, not merely provide it notice of the action. <u>Grand Entm't Grp. v. Star Media Sales, Inc.</u>, 988 F.2d 476, 492 (3d Cir. 1993)(holding that proper service, not merely notice, is a prerequisite to personal jurisdiction).

Id. at **7-8 (emphasis in original).

Here, Plaintiff's attempt to serve RAM or its agent by certified mail without first attempting personal service was a nullity because plaintiff failed to follow New Jersey's Court Rule for optional service on a defendant. Therefore, the Court had no personal jurisdiction over RAM until they were personally served on June 11th. Once personal jursidiction was obtained over RAM on June 11, RAM had thirty days to remove the case to federal court. Given RAM removed the case to federal court on July 11, 2019, the removal was timely. Accordingly, Plaintiff's Motion to Remand the case back to New Jersey Superior Court must be denied.

## CONCLUSION

For these reasons, the Court must deny Plaintiff's Motion to remand the case back to New Jersey Superior Court.

<div style="text-align: right;">
MORGAN MELHUISH ABRUTYN LLP<br>
Attorneys for Defendants, RAM Payment, LLC, Reliant Account Management, LLC, Reliant Account Management Systems, LLC and Account Management Systems, LLC
</div>

Dated: 8-01-19      By: _____
ELLIOTT ABRUTYN, ESQ.

{01690426}                              9