UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNE GERMINARIO, on behalf of herself and all other class members similarly situated, | 1:19-cv-15164-NLH-JS |
| | OPINION |
| Plaintiff, | |
| v. | |
| RAM PAYMENT, L.L.C., formerly known as Reliant Account Management, L.L.C., formerly known as Reliant Account Management Systems, L.L.C., also known as Account Management Systems, L.L.C., | |
| Defendant. | |

**APPEARANCES**:

JOSEPH MICHAEL PINTO
POLINO AND PINTO, P.C.
720 EAST MAIN STREET
SUITE 1C
MOORESTOWN, NJ 08057

   *On behalf of Plaintiff*

SHAJI M. EAPEN
METHFESSEL & WERBEL, ESQS.
2025 LINCOLN HIGHWAY
SUITE 200
PO BOX 3012
EDISON, NJ 08818

   *On behalf of Defendant*

**HILLMAN**, District Judge

Presently before the Court is the motion of Plaintiff, June Germinario, to remand her case to state court.  Plaintiff's case asserts state law claims arising from an alleged scheme by Defendant to defraud New Jersey citizens by performing unlawful debt adjustment and money transmission activities and engaging in the unauthorized practice of law in New Jersey.

Defendant, collectively RAM Payment LLC, removed Plaintiff's complaint from state court to this Court pursuant to 28 U.S.C. § 1441(b).[1]  Plaintiff argues that Defendant's removal was improper and remand is required because Defendant removed her case beyond the 30-day time limit of 28 U.S.C. § 1446(b)(1), which provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]"[2]

---

[1] The notice of removal states that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a).  Plaintiff is a citizen of New Jersey.  Defendant is a limited liability company comprised of other limited liability companies and individuals, and none of those members is a citizen of New Jersey.  (Docket No. 1 at 4-5.)  Other defendants named in Plaintiff's complaint are defunct.  (Docket No. 1 at 3.)

[2] Federal courts are courts of limited jurisdiction which possess "only that power authorized by Constitution and statute."

2

The resolution of Plaintiff's motion requires the determination of the date Defendant was served with the summons and Plaintiff's complaint.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); id. at 350 ("[In] the

---

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992)); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  It is presumed that a cause of action lies outside of this limited jurisdiction and this presumption places a burden upon the removing party to establish federal jurisdiction.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1991).  The federal removal statute permits a defendant to remove a civil action from state court to the district court when the district court has original jurisdiction over the action and the district court geographically encompasses the state court where the action was originally filed.  28 U.S.C. § 1441(a).  Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking."  28 U.S.C. § 1447(c); Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013).  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Boyer, 913 F.2d at 111 (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  This Court may only review the timeliness of removal if a plaintiff raises the issue in a motion to remand.  Estate of Campbell by Campbell v. South Jersey Medical Center, 732 F. App'x 113, 117 (3d Cir. 2018) (citing In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000)) (explaining that a district court cannot remand an action *sua sponte* for untimeliness).

3

absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

On March 26, 2019, Plaintiff sent a summons and complaint to Defendant's principal business address in Tennessee and to Defendant's registered agent in California by certified mail and regular mail.  The certified mail to the Tennessee address was received on April 1, 2019.  The certified mail to the California address was received on April 2, 2019.  Plaintiff contends that the confirmed delivery of the summons and complaint by certified mail to Defendant on April 1, 2019 constitutes the date of service which triggers the 30-day removal window, and Defendant's July 11, 2019 removal was untimely.

Plaintiff further relates, however, that because Defendant failed to respond to her complaint after it was served via certified mail within the 35 days required under New Jersey state court rules,[3] Plaintiff endeavored to effect personal service on Defendant rather than request a default.  Personal service on Defendant was effected in Tennessee on June 11, 2019.

Defendant contends that Plaintiff's personal service of the

---

[3] N.J. Ct. R. 4:6-1(a) ("Except as otherwise provided by Rules 4:7-5(c) (crossclaims), 4:8-1(b) (third-party joinder), 4:9-1 (answer to amended complaint), and 4:64-1(i) (governmental answer in foreclosure actions), the defendant shall serve an answer, including therein any counterclaim, within 35 days after service of the summons and complaint on that defendant.").

4

summons and complaint on Defendant at its Tennessee location on June 11, 2019 is the date that starts the 30-day removal clock, and not the April 1, 2019 certified mail service.  Defendant therefore argues that its July 11, 2019 removal was timely.

New Jersey Rules of Court guide this Court's analysis. N.J. Ct. R. 4:4-3 provides in relevant part:

> (a) Summons and Complaint. Summonses shall be served, together with a copy of the complaint, by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation. If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. . . .

N.J. Court Rule 4:4-4 provides that "[t]he primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3."  If a defendant cannot be personally served in New Jersey, alternative means of service within New Jersey may be employed as described in R. 4:4-3.  See N.J. Ct. R. 4:4-4(a) ("[I]n personam jurisdiction may be obtained by mail under the circumstances and in the manner provided by R. 4:4-3.").

5

If a defendant cannot be served in New Jersey by any method contained in N.J. Court Rule 4:4-3, the rules explain the process for service on a defendant who is located outside of New Jersey.  N.J. Court Rule 4:4-4(b) provides in relevant part,

> (1) By Mail or Personal Service Outside the State. If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule, then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant as follows:
>
>> (A) personal service in a state of the United States or the District of Columbia, in the same manner as if service were made within this State or by a public official having authority to serve civil process in the jurisdiction in which the service is made or by a person qualified to practice law in this State or in the jurisdiction in which service is made; or . . .
>>
>> (C) mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; (2) a minor under the age of 14 or a mentally incapacitated person, addressed to the person or persons on whom service is authorized by paragraphs (a)(2)and (a)(3) of this rule; (3) a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office.  Mail may be addressed to a post office box in lieu of a street address only as provided by R. 1:5-2.

For the affidavit of diligent inquiry required by N.J. Court Rules 4:4-3 and 4:4-4, N.J. Court Rule 4:4-5(b) provides,

> (b) Contents of Affidavit of Inquiry.  The inquiry required by this rule shall be made by the plaintiff, plaintiff's

>   attorney actually entrusted with the conduct of the action,
>   or by the agent of the attorney; it shall be made of any
>   person who the inquirer has reason to believe possesses
>   knowledge or information as to the defendant's residence or
>   address or the matter inquired of; the inquiry shall be
>   undertaken in person or by letter enclosing sufficient
>   postage for the return of an answer; and the inquirer shall
>   state that an action has been or is about to be commenced
>   against the person inquired for, and that the object of the
>   inquiry is to give notice of the action in order that the
>   person may appear and defend it. The affidavit of inquiry
>   shall be made by the inquirer fully specifying the inquiry
>   made, of what persons and in what manner, so that by the
>   facts stated therein it may appear that diligent inquiry
>   has been made for the purpose of effecting actual notice.

In this case, to effect in personam jurisdiction over Defendant, Plaintiff's counsel first utilized certified mail to serve the out-of-state Defendant on April 1, 2019.  Because Defendant failed to respond, Plaintiff's counsel then effected personal service of the out-of-state Defendant on June 11, 2019. Plaintiff's counsel represents that he chose to personally serve Defendant rather than pursue a default against Defendant.

On June 20, 2019, Plaintiff's counsel filed an affidavit of diligent inquiry with the state court.  In his affidavit, counsel relates all of his efforts to locate Defendant within New Jersey, but he was unsuccessful.  Counsel thereafter relates the steps he took to effect service by certified mail, and then by personal service.

Defendant argues that Plaintiff's April 1, 2019 certified mail containing the summons and complaint does not constitute

7

proper service under New Jersey Court Rules.  Defendant argues that Plaintiff was required to first attempt personal service on Defendant, and Plaintiff was only entitled to an alternative service after filing an affidavit of diligent inquiry as to why personal service could not be made.  More specifically, Defendant argues that Plaintiff should have proceeded in this order:  (1) attempt personal service, and if that failed, (2) file an affidavit of diligent inquiry, and (3) proceed to alternative service, such as through certified mail.  Plaintiff disagrees, and contends that the certified mail method of service was proper service.

The Court finds that Plaintiff's April 1, 2019 service on Defendant of the summons and complaint through certified mail is proper under the New Jersey Court Rules and satisfies the considerations of due process which form the basis of the service of process rules.  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  O'Connor v. Altus, 335 A.2d 545, 556 (N.J. 1975) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

New Jersey Court Rule 4:4-4(b)(1) "is the long-arm

8

provision, prescribing the modes of service by which personal jurisdiction may be obtained over a person not present in New Jersey," including by "mailed service." U.S. Bank Nat. Ass'n v. Curcio, 130 A.3d 1269, 1277 (N.J. Super. Ct. App. Div. 2016) (quoting Pressler & Verniero, Current N.J. Court Rules, comment 3 on R. 4:4-4 (2016)). Specifically, Rule 4:4-4(b)(1)(C) allows out-of-state service by mail if (1) a plaintiff first makes diligent inquiry into whether the out-of-state defendant can be served in New Jersey, and (2) a plaintiff files an affidavit to set forth his diligent inquiry. Id.

If an affidavit of inquiry is not filed in state court with regard to the plaintiff's efforts to locate the defendant within New Jersey, then a plaintiff is "not entitled to effect service of process outside our boundaries as the means for securing personal jurisdiction over defendant." Barrett ex rel. Cumberland Ins. Group v. Steele, 2008 WL 5156594, at *1-2 (N.J. Super. Ct. App. Div. 2008). "The requirement that a plaintiff file an affidavit of diligent inquiry in order to present a factual basis for an alternate mode of service is not a mere formality." Id. "As we held in M & D Associates v. Mandara, 366 N.J. Super. 341, 353, 841 A.2d 441 (App. Div.), cert. denied, 180 N.J. 151, 849 A.2d 184 (2004), diligent inquiry is a predicate to a determination of whether the requirements of due process have been satisfied. Accordingly, in ascertaining the

9

sufficiency of service outside this State, a judge must 'carefully scrutinize[ ]' the affidavit required to ascertain whether plaintiff undertook a diligent inquiry." Id.

Diligence has no fixed standard. Guardian Life Ins. Co. of America v. Crystal Clear Industries, 2012 WL 1884003, at *4-5 (D.N.J. 2012) (citing Modan v. Modan, 327 N.J. Super. 44, 48, 742 A.2d 611 (App. Div. 2000)). When considering diligence, the Court conducts a fact-sensitive inquiry "measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." Id. (quoting Modan, 327 N.J. Super. at 48, 742 A.2d 611). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." Id. (citing Modan, 327 N.J. Super at 48-49, 742 A.2d 611 (collecting cases)).

This Court first rejects the argument that N.J. Ct. R. 4:4-4(b)(1) requires that an affidavit of diligent inquiry must be filed before the use of the three "substituted" methods set forth in subsections (b)(1)(A) through (C). The Court recognizes that the "if, then" language set forth in 4:4-4(b)(1) could be read to require the sequential steps Defendant contends are required. But as set forth in 4:4-4(b)(1) itself, it must be read *in pari materia* with 4:4-5(b). And the highest state court to address the meaning of that rule has held that

10

"[n]othing in the language of Rule 4:4-5 requires that an affidavit of diligent inquiry be filed with the court prior to service" by an alternate means. Deutsche Bank National Trust Company v. Choi, 2017 WL 3648544, at *3 (N.J. Super. Ct. App. Div. 2017) (discussing service by publication) (citing M & D Associates, 336 N.J. Super. at 347 (where service by publication was made nearly four months before the affidavit of diligent inquiry was filed)).  This federal court is reluctant to interpret a state procedural rule in a manner inconsistent with state decisional law absent some compelling reason to do.

Moreover, the sequential procedure Defendant advocates for would appear to serve no meaningful purpose.  The filing of the affidavit does not trigger judicial action – indeed service by court order is a separate option[4] – or set time limits or otherwise effect or affect anything other than the formality of its placement on the state docket.

The practical purpose of the two rules read together is to insure through the solemn and formal process of affidavit by a person with personal knowledge and responsible for the action that the inquiry was actually undertaken prior to the decision to use alternative means of service, not that the fact of the inquiry be formally documented at any particular time.  Indeed,

---

[4] See N.J. Ct. R. 4:4-4(b)(3).

11

such attestation to made at any time prior to effecting any default judgment. Rule 4:4-5 "requires only that a diligent inquiry be made prior to such service," and that if "a defendant fails to respond or appear, plaintiff must file an affidavit of diligent inquiry before default can be entered if such inquiry was required to properly effectuate service." Id.

Here, in personam jurisdiction over Defendant could not be obtained in New Jersey. Plaintiff's counsel's affidavit explains that he performed a New Jersey Department of Treasury, Division of Revenue and Enterprises search, a Google search, a corporate internet search, and a PACER search to determine whether Defendant was amenable to service in New Jersey. Counsel determined that Defendant was located in Tennessee and California, and not located in New Jersey for service. (Docket No. 12 at 25-27.)

Because personal service could not be effected on Defendant in New Jersey in accordance with N.J. Court Rule 4:4-4(a), counsel followed the rule for service of a defendant outside New Jersey, N.J. Court Rule 4:4-4(b), which provides, as set forth above, "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with [Rule 4:4-4(a)], then, consistent with due process of law, in personam jurisdiction may be obtained over any defendant" in three ways: (1) personal

12

service in a state where Defendant can be served as it were located in New Jersey, N.J. Ct. R. 4:4-4(b)(1)(A); or (2) personal service outside the territorial jurisdiction of the United States, N.J. Ct. R. 4:4-4(b)(1)(B); or (3) "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to . . . a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office," N.J. Ct. R. 4:4-4(b)(1)(C).

Thus, this Court holds that that the filing of the affidavit of diligent inquiry on June 20, 2019, rather than prior to the April 1, 2019 service, does not render the otherwise valid April 1, 2019 service ineffective under New Jersey court rules. That Plaintiff's counsel proceeded to effect personal service when Defendant failed to appear after being served by certified mail was either a courtesy to avoid sometimes wasteful defaults which are often easily undone, or the common, and perhaps preferred, practice of using the proverbial belt and suspenders.

Nor is a related argument regarding sequence persuasive. N.J. Court Rule 4:4-4(b)(1) provided counsel with three options to serve the out-of-state Defendant. Counsel chose the third

13

option.  Contrary to Defendant's argument, the service options provided by this rule are no more sequential than its argument regarding the affidavit of inquiry - in other words, counsel was not required to first attempt personal service on an out-of-state Defendant under N.J. Ct. R. 4:4-4(b)(1)(A) before he was permitted to utilize service by mail under N.J. Ct. R. 4:4-4(b)(1)(C).  Indeed, such a premise is non-sensical when considering N.J. Ct. R. 4:4-4(b)(1)(B), which only applies to defendants located outside of the United States.

Even though the rules required Plaintiff's counsel to first attempt personal service under the "primary method" of N.J. Ct. R. 4:4-4(a)(1)(B) if Defendant was amenable to service in New Jersey, once counsel performed his diligent inquiry and determined that personal service on Defendant in New Jersey was not possible - and Defendant does not dispute that it could not be served in New Jersey - counsel was free to proceed with personal service in Tennessee or California, or use certified mail sent to Tennessee or California.  Counsel chose the latter, and the record demonstrates that Defendant received the certified mail containing the summons and complaint on April 1, 2019.  In sum, Plaintiff properly followed the rules, and the April 1, 2019 service therefore comports with due process.

Consequently, because Defendant was served on April 1, 2019, but did not remove the action until July 11, 2019, the

removal does comply with the 30-day removal window provided in 28 U.S.C. § 1446(b)(1).  This action must be remanded to state court.

    An appropriate Order will be entered.


Date: April 20, 2020            s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.